| 42 | 355 |
| 29a | 217 |
| 42 | 355 |
| 54a | 85 |
| 42 | 355 |
| 65a | 30 |
| 42 | 355 |
| 174 | 45 |

# THE ILLINOIS CENTRAL RAILROAD COMPANY

### *v.*

# SAMUEL McCLELLAND.

1. NEGLIGENCE, *of railroad companies — their liability.* By failing to provide the most approved appliances for arresting sparks from their engines, by running poor engines or those out of order, a railroad company becomes liable for all casualties occasioned thereby.

2. And, an engine, which throws sparks into a meadow one hundred feet from the track of the road, is not provided with proper appliances for arresting its own sparks; and, evidence of such fact is properly admitted to show the character of the engines in use on a road at a particular time.

3. EVIDENCE, *in actions for damages by fire.* It is sufficient if the proof sustains substantially any one of the counts of the declaration, and the plaintiff

is not confined to the proof of the precise place where the fire originated.   It is immaterial whether it commenced on the right of way of the defendant or not.

4.  INSTRUCTIONS, *modified according to the evidence.*   It is not error for the Circuit Court, in instructing a jury, so to modify the hypothetical case on which an instruction is based, as to make it conform to the facts actually in evidence.

5.  NEGLIGENCE — *of both parties.*   Where the son and servant of the plaintiff was in a position to have prevented any damage from a fire, and made no efforts to do so, it was an act of negligence on his part for which the plaint iff is answerable; and he cannot recover from the company, whose engines were the cause of the fire, any damages that he may have sustained.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action on the case, brought in the Circuit Court of Marion county, by Samuel McClelland against the Illinois Central Railroad Company, for the burning of a certain rail fence, and the grass and hay upon 20 acres of meadow adjacent to the railroad track.

In February, 1864, a passing engine set fire to the stubble inside the plaintiff's fence; and again, in July following, another fire was set by the same means and near the same place.   At the time of the fire in July, the son of the plaintiff, and in his employ, saw the fire while on his way to the house. That 40 or 50 minutes afterward, he returned, and found the fire had got into the meadow.

No attempt was made by the defendant to controvert the facts of the burning; but, by the testimony of Granger, who at that time had charge of the company's machine shops at Champaign, and by engineers in the employ of the company, and running upon its engines, it appeared that the company were using upon all their engines the best known appliances to prevent the escape of fire.   Granger supposes the particular engine used in February, and the one used in July, were supplied with the best known improvements for arresting sparks, but was unable to speak positively.

In rebuttal, the plaintiff introduced three witnesses, the first of whom had put out fire set by sparks from the engines, more

than one hundred feet from the track; the others had, in 1864, seen engines on the defendant's road throw sparks more than one hundred feet.

The defendant's objection to this testimony was overruled by the court, to which ruling exception was taken.

The defendant asked the following instructions:

" 1. If the defendant has shown, to the satisfaction of the jury, that the defendants were at the time of the fire using on all their engines the best known appliances to prevent the escape of sparks, then the defendants would not be liable; *although the jury may believe that by accident the engines might occasionally get out of order during a trip.* If the defendants used the best means in their command, and employed competent servants, they have done all the law requires." Which the court modified by striking out the words in italics.

" 2. If the son and servant of the plaintiff saw the fire in time to put it out, while it was on the right of way, before it reached the plaintiff's meadow, it was his duty to do so. And if, through his negligence in not doing so, the fire consumed the property of the plaintiff, the defendant would not be liable therefor." This the court refused to give.

" 3. The plaintiff must recover, if at all, upon proof of the allegations in his declaration. Under the two first counts the plaintiff cannot recover for any damages arising from fire not originating on the right of way of the defendant. Under the third count, the plaintiff must prove the averments in that count with regard to the use and construction of the locomotives." This also was refused, and all these rulings were excepted to, and are now assigned for error. The jury found for the plaintiff $166.50.

Mr. GEORGE W. WALL, for the appellant.

Mr. H. K. S. O'MELVENY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case brought in the Marion Circuit Court, by Samuel McClelland against the Illinois

Central Railroad company, and verdict and judgment for the plaintiff.

The record is brought here by appeal, and various errors assigned, the most important of which we have considered.

All the evidence is in the record, and it fully sustains the finding of the jury upon the third count in the declaration. We have often decided, that it is negligence in a railroad company failing to provide all the most approved appliances to arrest sparks issuing from the smoke stacks of the engine. There was no proof that the engine which threw the sparks into the plaintiff's meadow was provided with any means by which they might have been arrested. Indeed, it is shown by the testimony of some of the engine-drivers, sworn on behalf of the defendant, that an engine, thus provided, will not throw sparks one hundred feet, though the wind might carry them twenty or thirty feet. Now, as this meadow was one hundred feet from the track of the road, and the sparks were thrown into it by an engine running upon its road, the conclusion is irresistible, that the engine had not the proper appliances. Another engine-driver says, a wood spark might be carried one hundred feet, coal would not. Another says, if the sparks went one hundred feet, he would lay it to the wind, and if no wind, then he would think the engine poor, or that something was out of order. Taking either view, the company was liable, because they should not run "poor engines," or those out of order. If they do, they must be held liable for all casualties occasioned thereby.

It is proved, as a general fact, that this company had in use, on their engines, the most approved apparatus known for arresting sparks, but no witness stated that this particular engine had it, and the inference is strong it could not have had it if the testimony of the engine-driver is to be credited.

To rebut the testimony of these men, three other witnesses were called by the plaintiff, who stated, that they had seen, in 1864, the year this accident happened, engines of the company throw sparks over one hundred feet. As rebutting testimony, this was right, and the court properly overruled the objection

to its reception, and the motion to exclude it from the jury. On the evidence, the verdict was right.

As to the instructions, the first one asked by the defendant was this: If the defendant has shown to the satisfaction of the jury that the company was, at the time of the fire, using on all their engines the best known appliances to prevent the escape of sparks, then the defendant would not be liable, although the jury may believe, that, by accident, the engines might occasionally get out of order during a trip. If the defendant used the best means at command, and employed competent servants, they have done all the law requires.

This instruction the court gave, after modifying it by striking out the words, "although the jury may believe, that, by accident, the engines might occaionally get out of repair during a trip." To this modification, the defendant excepted.

If for no other reason, then for this, the modification was perfectly proper and necessary because there was no evidence to that point. The jury are to believe nothing but what is testified to, and there was no testimony that this engine had met with an accident on the trip.

The second instruction is on the hypothesis that it was the duty of the plaintiff's son and servant, under the circumstances, to endeavor to extinguish the fire.

This has reference to the fire in July, and the injury caused by that fire may be the one for which the jury found the verdict: at any rate, it must have been a part of the finding, in view of the damages assessed. It was then a proper subject of inquiry by the jury, could the plaintiff's son and servant, by the exercise of reasonable diligence, have prevented the spread of the fire? He saw the fire in time to arrest its progress, or at any rate in time to make some effort to that end, but did not choose so to do. He left the scene and was absent near one hour, and on his return, the fire had reached the meadow. Common prudence required he should have made some effort to prevent this, and it was negligence on his part, for which the plaintiff is answerable, that he did not. The fire in the meadow, in July, may be charged to the negligence of the

plaintiff's son, who was in a position to have prevented it. The court should have given this instruction to the jury, and it was error to refuse it.

As to the third instruction, it would have been entirely proper in the court to have told the jury, as there were three counts in the declaration, that the plaintiff must make a case by the proof, to fit one or the other substantially. But we do not think the plaintiff was confined to proof of the precise place where the fire originated, the gravamen of the action being, loss by fire occasioned by the negligence of the defendants, and whether that fire commenced on the right of way in the first instance, and then spread to the meadow, is not very material.

The third count we think was sufficiently established. It is a very strong presumption indeed, that this particular engine had no sufficient spark arrester, and, having none, the defendants are liable for the injury done by it. For refusing to give the second instruction, the judgment must be reversed and the cause remanded.

*Judgment reversed.*