CHRISTOPHER SLEUTER *et al.*

*v.*

AUGUSTUS WALLBAUM.

1. DAMAGES — *measure of — for non-delivery.* In an action for a breach of contract in failing to deliver chattels, or other commodities, the measure of damages is the difference between the contract price and the market value of such articles, *at the time* stipulated for their delivery by the contract.

Opinion of the Court.

2. . SAME — *when paid for at the time of sale — interest to be added.* And if the article has been paid for, the purchaser is entitled to recover the price paid, with legal interest thereon, from the time of such payment until a recovery is had.

3. FORMER DECISIONS. The cases of *Smith* v. *Dunlap,* 12 Ill. 184, and *Phelps* v. *McGee,* 18 id. 155, cited in support of the rule.

4. DAMAGES — *measure of — general rule stated — for breach of contract — for non-delivery.* Whenever a breach has occurred, the party not in fault may treat the contract as rescinded, and may then purchase the articles elsewhere, at their market value, and recover, as damages for such breach, the difference paid, with legal interest thereon. And a recovery is not dependent upon the fact of a purchase of the article having been made after breach occurs; if such purchase is not made, the measure is the difference between the contract price and the market value of the articles when they should have been delivered.

5. SAME — *measure of — should be confined to market price at the time of the breach.* In all actions for a breach of contract, for the non-delivery of chattels, the measure of damages should be confined to the market value of the articles *at the time* of the breach.

APPEAL from the Superior Court of Chicago.

The facts in this case are stated in the opinion.

Messrs. SHOREY & HAYES, for the appellants.

Messrs. HERVEY, ANTHONY & GALT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by Augustus Wallbaum, in the Superior Court of Chicago, against Christopher Sleuter and Christopher Tegtmeeger, to recover damages for an alleged breach of contract to deliver one million of brick, during the season of 1866. The contract is claimed to have been made in the month of June of that year. A trial was had before the court and a jury, resulting in a verdict in favor of the plaintiff, for the sum of $1,000. Defendants entered a motion for a new trial, which was overruled by the court, and judgment rendered on the verdict. A reversal is asked on two grounds, first, — that the evidence fails to prove that a contract was in fact ever made, and, secondly, if a contract was proved,

that the court gave erroneous instructions as to the mode of measuring the damages.

As to the first question, in the view we take of the case, it is deemed improper to consider the weight of the evidence, or whether it sustains the verdict. When the case shall be passed upon by another jury, it will be for them to consider the evidence, perfectly free from any opinion we may entertain as to its weight.

Appellants asked the court to give this, which was the fourth in the series of their instructions: "If you find that a contract was entered into by the defendants, as alleged in the plaintiff's declaration, for the sale of one million brick, at the price of $8.50 a thousand, that the plaintiff demanded said brick, and the defendants refused to deliver the same, you will first ascertain from the evidence when said demand and refusal occurred, and what the market price of such brick was at the time of said demand and refusal, and, if at the time of said demand and refusal, the market price was higher than the price named in the contract, then you will give a verdict for the plaintiff for the difference between such market price and the price agreed upon, and interest at six per cent from the time of such refusal." Which was refused by the court, and an exception taken. From the current of authority, both British and American, the doctrine seems to be well settled, that on a breach of contract in failing to deliver chattels or other commodities, the measure of damages is the difference between the contract price and the market value of such articles, at the time they should have been delivered by the contract. If they have been paid for, then the money thus paid, and legal interest, should also be allowed thereon from the time of its payment until a recovery is had. *Smith* v. *Dunlap*, 12 Ill. 184; *Phelps* v. *McGee*, 18 id. 155. These cases seem fully to recognize and establish the doctrine in this court, and when tested by this rule the instruction should have been given.

When the breach has occurred, the other party has the right to treat the contract as rescinded, and to go into the market

and purchase the article at its merchantable value; and he has then the right to recover the difference in the price which he was thus compelled to pay, with interest on the difference which he has paid. But, to recover, it is not essential that he should purchase the article after the breach occurs; and, if he does not, then the true measure is the difference between the contract and the market price. The court therefore erred in refusing to give the instruction.

Appellee asked, and the court below gave this instruction: "If the jury believe, from the evidence in this case, that the defendants made a contract with the plaintiff for the sale and delivery to him of one million of brick, at $8.50 per thousand, to be delivered during the season of 1866, as the plaintiff might request them; and if the jury further believe, that, after the making of said contract, the plaintiff demanded of said defendants the delivery of said brick, and was ready and willing to pay for said brick; and the defendants refused to deliver said brick in accordance with said contract, and brick at the time of such refusal had advanced in price beyond the contract price, — then the jury will find for the plaintiff; and the damages will be the difference between the contract price and the increased market price when the defendants refused to deliver them and when the plaintiff requested them, or within a reasonable time thereafter for procuring such a quantity; and, in finding what is a reasonable time, the jury may consider the state of the market, as to scarcity of brick, or otherwise, and may take also into consideration the quantity required to be purchased to fill the contract." To the giving of which appellants excepted.

The rule for measuring the damages, announced by this instruction, is repugnant to that stated by the instruction refused for appellants; and it was erroneous, in so far as it contradicts that instruction. This instruction gave the jury too great a latitude in ascertaining the amount of damages. By it they were authorized to consider the price of brick for a reasonable time after a breach, to enable appellee to procure them, and to consider the state of the market, the scarcity of brick,

and the quantity to be purchased. The question of how long would be reasonable, was at least very indefinite. It might be one month, six months, or even a year, for aught we can know. Under it the jury are authorized, at any rate for a considerable period after the breach, to select the highest market price as the measure. Such a rule would be indefinite and uncertain, while the other is simple, certain and easy of application. The adoption of such a rule would leave the jury to determine the damages from the fluctuations of market values for a period after the breach, and if they could select the highest price they would be equally at liberty to select the lowest market price during the same period. The only safe rule is to confine the measure of damages to the market price at the time of the breach; and, inasmuch as this instruction contravenes that rule, it was erroneous, and should not have been given, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*