# The Chicago and Alton Railroad Company

## *v.*

## William A. Pennell.

1. Negligence—*in allowing sparks from engine to communicate fire.* The law requires a railroad company, in operating its trains, to use every possible precaution, by the use of all the best and most approved mechanical inventions, to prevent loss from the escape of fire or sparks along the line of its road, and such company will be liable for a loss by fire caused by a neglect of such duty, when the owner of the property destroyed is himself free from negligence.

2. A party who erects a building on or near a railroad track knows the dangers incident to the use of steam as a motive power, and must be held to assume some of the hazards connected with its use on such thoroughfares. While the party has the right to erect a building near the track, and in an exposed position, yet if he does so, he is bound to a higher degree of care in providing proper means to protect his property from fire than a person in a less exposed position, and is also required to use all reasonable means to save his property in case a fire should occur.

3. SAME—*negligence of owner of building burned.* Where fire is communicated to a building situate near a railroad track, through the negligence of a railroad company, the owner can not recover for the loss of such property as he could easily and without danger have saved from destruction.

4. SAME—*comparative.* In an action against a railroad company to recover the value of a building erected in close proximity to the track, and its furniture, which are burned through the negligence of the company, an instruction placing the right of recovery alone upon the defendant's negligence, and which entirely ignores the question of due care on the part of the plaintiff in trying to save the property destroyed or some part thereof, is erroneous.

5. SAME—*a question of fact.* Negligence is the opposite of due care and prudence. It is the omission to use the means reasonably necessary to avoid injury to others, and is not a legal question, but one of fact to be proved like any other question. It is error to tell the jury that certain acts constitute negligence.

6. EVIDENCE—*rumor.* On the question of the safety of an engine and the employment of the most approved modern appliances to prevent the escape of fire from the smoke stack, the testimony of a master mechanic who examined the same directly after a loss by fire, as to its safe and sound condition, whose testimony is not impeached, can not be overcome by evidence of rumors among the employees of the road that the engine was worn out and not safe.

APPEAL from the Circuit Court of McLean county.

Messrs. WILLIAMS, BURR & CAPEN, for the appellant.

Messrs. BLOOMFIELD & HUGHES, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought to recover the value of a certain building, known as the "Normal Hotel," and the furniture therein, which were destroyed by fire on the night of February 14, 1872.

The track of the Chicago and Alton Railroad Company crosses the track of the Illinois Central railroad at the town of Normal. At the crossing of the two roads appellant erected a depot building, which was a one-story frame, with a baggage room near by it. The hotel, a frame building four stories high (including the basement) with mansard roof,

stood about sixty feet in a south-east direction from the baggage room.

On the night of the fire, and between twelve and one o'clock, a freight train on appellant's road passed Normal, going north-east. A short time after the train passed, the depot building was discovered to be on fire. After the depot had nearly burned down, a fire broke out in the hotel, which in a short time destroyed the entire building, and, as is claimed, the principal part of the furniture.

Appellee claims that the fire in the depot originated from sparks thrown from appellant's locomotive, and that the hotel caught fire from the burning of the depot.

In the first count of the declaration it is averred that on the 14th of February, 1872, defendant had a passenger and freight office standing in close proximity to its railroad track in Normal, Ill.; that plaintiff was owner of a large hotel and furniture therein of great value; that it was the duty of defendant to have used and kept in repair complete and safe engines only, and provided with the best approved appliances and modern inventions to prevent the escape of sparks and fire, but defendant negligently ran a defective, worn-out and unsafe locomotive engine without its being provided with the necessary mechanical contrivances and modern improvements to prevent the escape of sparks and fire; that in consequence of the neglect of defendant in running said engine so constructed and out of repair, fire was communicated from the engine to the passenger and freight office and thence to the hotel building, whereby said hotel and furniture were burned, etc.

The second count is like the first, except it is averred that it was the duty of defendant to have used the utmost caution and diligence in running and the management of its engines to prevent the escape of sparks and fire; that defendant negligently suffered a locomotive engine, with a train of cars attached, to be run in so negligent and careless a manner that fire was communicated from the engine to a building on de-

fendant's right of way and between the railroad track and said hotel building, whereby it with its furniture was destroyed.

The third count is like the second, except it was that sparks from the engine were communicated directly to the hotel building. The declaration contained a fourth count, but as no recovery is claimed under that count, it will not be necessary to refer to it.

In regard to the issue presented by the first count of the declaration, the decided weight of the evidence seems to be that the railroad company was not in fault. The law, doubtless, required defendant to use every possible precaution, by the use of all the best and most approved mechanical inventions, to prevent loss from fire along the line of its road, as held in *Chicago and Alton Railroad Co.* v. *Quaintance*, 58 Ill. 389. Upon this point the testimony of the master mechanic of the defendant would seem to leave no room for doubt. He said, " I examined the engine after it got back from Chicago on the same trip, after the fire; it came back on the regular trip with freight; it was in first-class condition. * * The netting used is of iron wire, 4x4 or 16 holes to the inch. The smoke stack was in perfect condition. There were no holes in the netting, which had been put in new the November previous. It was then and still is the most approved form of netting for a smoke stack. We know nothing better, and still use it."

Now, if the evidence of this witness was true, and he was not impeached, nor was his character for truth and veracity called in question, we fail to see wherein the railroad company was in fault, in so far as furnishing a safe and well constructed engine is concerned. It is true there was some evidence of a rumor among the employees of the road that the engine was worn-out and not safe; but such testimony can not overcome the clear and direct proof of the master mechanic, who had charge of the engine, on such a question.

In regard to the issue formed under the averment of the third count, that sparks from the engine were communicated directly to the hotel building, there seems to be no proof to sustain the averment; and it will not be necessary to spend time considering the issue formed under this count of the declaration.

We now come to the second count of the declaration, under which, doubtless, the recovery was had. The engine in use on the road on the night the fire occurred was a coal-burning engine, and it is claimed that wood was used by the fireman, and this is said to be negligence on the part of the company. If the testimony of the conductor on the train was entitled to credit, it might be claimed that wood was used by the fireman, but he was so successfully impeached that we can not think the jury could rely upon his evidence. Aside from his evidence, we find no proof that wood was used in the engine, unless that conclusion may be reached from the proof made of the quantity of sparks thrown out by the engine. The brakeman, however, who rode upon the engine a part of the time, testified that he saw no wood in use, and thinks none was used. The proof upon this question, introduced under the second count of the declaration, was not of as satisfactory a character as it should have been, in our judgment, to authorize a recovery. But aside from this question, we are not satisfied that the evidence, as it appears in this record, is sufficient to establish the fact that the hotel was burned from fire communicated from the depot.

Three years and four months elapsed after the fire before any action was brought against the railroad company for the loss of the property, or before any claim was made that the company was in fault or in any manner liable; nor was it claimed at the outset that the fire in the hotel originated or came from the fire at the depot. The hotel property was insured in several fire insurance companies, and when the adjusting agent of the companies called upon appellee to adjust the loss, he testified that appellee "gave me as the sup-

posed origin of the fire that it was either from the premises
or from the depot building, and that the depot fire was caused
by a defective stovepipe." *   *   "Pennell never suggested
that the railroad company was in the least to blame for the
fire." On redirect the witness said: "Pennell's theory was,
if it caught from the inside of the building, that it came from
an overheated stove." In addition to these facts a large num-
ber of witnesses who were present testify that the fire origina-
ted in the inside of the hotel building.

Mr. Jackson, who was boarding at the hotel at the time,
says: "The fire at the side made a sudden appearance as if
fire was breaking right out. I was looking there when it first
appeared. Till then there was no fire visible in the hotel.
My idea of the depot fire is, that it originated on the inside,
because it was bursting out of the roof when I first saw it."

Several of the witnesses who saw the fire unite in saying
that it started on the inside of the building, in the third story,
which was occupied, in part, by students attending the Nor-
mal. If the hotel caught fire from the depot, when all the
facts were fresh in the mind of the plaintiff, it seems strange
that he could not give that account of the matter to the adjust-
ing agent, who was at the time attempting to ascertain the
origin of the fire; and why he should delay in attempting to
collect the loss from the railroad company is not apparent.
It is true, no statute of limitations had run, but to remain
silent so long, and make no claim whatever against the com-
pany, looks very much like no meritorious claim existed; but,
however this may be, there is such a clear preponderance of
the proof tending to establish the fact that the fire originated
in the hotel, that justice demands the facts should be submit-
ted to another jury, under proper instructions, which was not
done on the trial in the circuit court.

The first instruction given for the plaintiff was as follows:

"1.   If the jury find for the plaintiff, the jury should assess
his damages at the value of the property in controversy de-

stroyed, including the hotel and household furniture owned by the plaintiff at the time of its destruction, if proven to be destroyed at all, as aforesaid."

The plaintiff erected his building, after the railroad was built, so near the track that it was necessarily exposed to such danger as is incident to the use of steam in the operation of a railroad; and, as was said in *Toledo, Wabash and Western Railway Co.* v. *Larmon,* 67 Ill. 68, the party who erects his buildings on or near the track knows the dangers incident to the use of steam as a motive power, and must be held to assume some of the hazards connected with its use on those great thoroughfares.

While the plaintiff had the undoubted right to erect his hotel near the track of the railroad, and in an exposed position if he saw proper, yet, when he did so, he was bound to use a higher degree of care in providing proper means to protect his property from fire, than a person in a less exposed position; and he was also required to use all reasonable means to save his property in case a fire should occur.

In *Great Western Railroad Co.* v. *Haworth,* 39 Ill. 348, it was held that an instruction which entirely ignores the question of negligence on the part of the owner, and from which the jury may have supposed that they were at liberty to find for the plaintiff, notwithstanding his negligence materially contributed to the injury, is erroneous.

In *Toledo, Peoria and Warsaw Railway Co.* v. *Pindar,* 53 Ill. 447, it was held that where fire was communicated to a building through the negligence of a railroad company, the owner can not recover for the loss of such portion of the property as he could easily and without danger have saved from destruction. To the same effect is *Illinois Central Railroad Co.* v. *McClelland,* 42 Ill. 355.

Under the instruction given, the plaintiff was required to use no care whatever to save his property. The question of care on his part was entirely ignored. Under the instruction,

if the property was destroyed, then all the jury had to do was to bring in a verdict for the amount of the property, regardless of the fact that plaintiff might, by the exercise of proper care, have saved all or a part thereof from destruction. The instruction was calculated to mislead the jury, and should have been refused.

The third instruction given for the plaintiff was as follows:

"3. The use of wood for fuel in an engine built for and as a coal-burning engine, is negligence, if the jury believe, from the evidence, that the engine was constructed so as to burn coal, and not so constructed as to burn wood with as much safety as coal. But such negligence can not be such as to render defendant liable, (if proven,) unless it is further proven, to the satisfaction of the jury, that the use of such engine, by burning wood therein, caused the injury complained of in the declaration."

Negligence is a question of fact for the jury, and not a question of law. In *Great Western Railroad Co.* v. *Haworth, supra,* it was held that negligence is the opposite of care and prudence; it is the omission to use the means reasonably necessary to avoid injury to others, and is not a legal question, but is one of fact, to be proved like any other question. The instruction took the question of fact from the jury—a question which it was their province to determine.

The ninth instruction excludes the idea that the plaintiff was bound to be free from negligence, and in this respect it is bad.

Other questions have been raised and discussed, but it will not be necessary to consider them.

For the errors indicated the judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Scott: I do not concur in this opinion.