# LAKE ERIE & WESTERN RAILROAD COMPANY

## v.

## GEORGE W. CRUZEN ET AL.

*Railroads — Fires—Spark-Arresters — Evidence — Instructions—Damages.*

1. A railroad company is responsible for damages done by fire caused by sparks from its locomotives igniting inflammable matter on its right of way, however recently the same was acquired from another company.

2. In an action to recover for damages suffered through the burning over of grass lands by reason of sparks escaping from a locomotive engine, this court declines to interfere with the judgment for plaintiff, there being no substantial error in the admission or exclusion of evidence.

[Opinion filed November 23, 1888.]

Appeal from the Circuit Court of Ford County; the Hon. Alfred Sample, Judge, presiding.

Mr. Milton H. Cloud, for appellant.

Messrs. Tipton & Moffett and Cook & Moffett, for appellees.

Appellant company, when it took possession, knew of the condition of this right of way. In assuming to run and operate said road, and in assuming to run its engines over this road with right of way in such condition, assumed all the liabilities attending therewith, and became liable for damages resulting. Illinois Central R. R. Co. v. Kanouse, 39 Ill. 272; The Toledo, P. & W. R. R. v. Rambold, 40 Ill. 143; The East St. Louis &. C. R. R. v. Gerber, 82 Ill. 632; Pittsburg & St. L. Ry. Co. v. Campbell, 86 Ill. 443; Balsley v. St. L., A. & T. R. R. Co., 119 Ill. 68; Slossen v. Burlington, C. R. & N. W. Ry. Co., 14 N.W. Rep. 244.

The law in this State is that proof that fire was communicated by a locomotive engine while upon or passing along any railroad in this State, is full *prima facie* evidence to charge with negligence the railroad company operating such road or such engine. R. S., Chap. 114, Sec. 104; Chicago, etc., R. Co. v. Quaintance, 58 Ill. 389; Pittsburg, etc., R. Co. v. Campbell, 86 Ill. 443; C. & A. R. R. Co. v. Pennell, 110 Ill. 435.

To overcome this, appellant is required to show by affirmative evidence that its engines at the time or times in question were equipped with the most approved appliances to prevent the escape of fire, and that same were in good repair; that the engines were in good repair, and were properly, carefully

and skillfully handled by a competent engineer. Chicago, etc., R. Co. v. Quaintance, 58 Ill. 389; Pittsburg, etc., R. Co. v. Campbell, 86 Ill. 443; I., B. & W. Ry. Co. v. Nicewander, 21 Ill. App. 305; C. & A. R. R. Co. v. Pennell, 110 Ill. 435.

The Statutes of Illinois provide, Chap. 114, Sec. 63:

"It shall be the duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds or other dangerous combustible materials; and for neglect shall be liable to penalties named in Section I."

Section one referred to in this section is the section in regard to fencing, erecting cattle-guards, etc.

The duty imposed in the one section is as imperative in the one as the other. It is a statutory duty imposed, and a failure to comply with the requirements of the statute is negligence *per se*, or what in law is termed negligence, without regard to facts. Alsop v. O. & M. Ry. Co., 19 Ill. App. 292; St. Louis, A. & T. H. R. R. Co. v. Huggins, 20 Ill. App. 639; Rockford, R. I. & St. Louis R. R. Co. v. Lynch, 67 Ill. 149; T. P. & W. Ry. Co. v. Pence, 68 Ill. 524.

In other words, in a failure to comply with a statutory duty, the law will impute negligence and so declare it, and that without any proof of actual negligence. St. L., A. & T. H. R. R. Co. v. Huggins, 20 Ill. App. 639; I. B. & W. Ry. Co. v. Nicewander, 21 Ill. App. 305; Pittsburg, C. & St. L. Ry. Co. v. Campbell, 86 Ill. 443; Rockford, R. I. & St. L. R. R. Co. v. Rogers, 62 Ill. 346.

WALL, P. J. The appellees recovered a judgment against the appellant for $600 for damages occasioned by fire set upon the premises of appellees by engines passing over the railroad of appellant.

The fires occurred at four different times between February 28 and August 1, 1887. It is contended on behalf of appellees that three of these fires originated on the right of way, which was foul with combustible matter, and that the other started in the field beyond the right of way, and there is evidence tending to support this position.

There can be no doubt that during the greater part of the

L. E. & W. R. R. Co. v. Cruzen.

period in question the right of way was in bad order, foul with weeds and grass, more or less inflammable, and that the engines of appellant set the fires complained of as well as many others, which by reason of the vigilance of appellees and other persons were extinguished before any great damage was done. During a considerable part of the time appellees had a man on watch whenever trains passed, and he was able to stop a number of the fires before they made much headway. The amount of damage done to appellees rested mainly upon a comparison between the product of that part of the meadow burned over and the part not burned over. Other items were involved in the consideration, and although it is insisted by appellants that the verdict is excessive, we are not inclined to agree with that view. The amount allowed is within the range of proof, and is probably not too high.

The appellant having set the fire, and the verdict not being excessive, the question is as to liability. So far as the fires originating on the right of way are concerned, liability is clear enough if appellant is to be held responsible for the condition of the right of way.

It is shown that appellant had acquired the road from a former occupant only seven days before the first fire occurred, and that the rubbish on the right of way had accumulated during the management of the former occupant. We can not see that this circumstance is of any weight. The appellant should not have taken the road in its then condition unless it was willing to be responsible for the consequences of operating it. It was a business matter to be determined by appellant when it assumed possession, whether the road could be operated according to law, with a profitable result, and it is clear appellant should be regarded precisely as though the condition of the right of way had arisen during its own management. Appellant took the road *cum onere*, and can not avoid responsibility. It might as well plead that the engines were in bad repair when it got them.

The case of Ill. C. R. R. Co. v. Kanouse, 39 Ill. 272, is in point. In that case, the railroad company had leased a line which was unfenced, and when sued for damage to stock, set

up the defense that it was not responsible for the want of a fence. It was decided that as the defendant undertook to use the road, defective in that respect, the demands of public policy required that it should be held for all injury resulting from using the road in that defective condition. The company knew the risk and assumed it. What we have here said on this subject will dispose of the objections urged by appellants to the instructions of the court given at the instance of the appellee in regard to the liability growing out of the foul condition of the right of way.

This leaves for consideration, so far as the facts are concerned, merely the question whether, in respect to the fires originating beyond the right of way, the appellant had in use upon its engines a sufficient spark arrester, in good order, and properly handled. On this question the appellant offered no proof as to one or more of the fires occurring just before harvest, by which a small amount of damage was done in burning over two or three acres of meadow, but as to the main fires it offered evidence tending to prove that its spark arrester was well devised for the purpose, in good order and well handled. It also offered evidence comparing its spark arrester with another called the " extension front end," which was in quite general use on the Illinois Central and some other lines, and tending to show its superiority. There was evidence that the spark arrester would so break up and confine the sparks that fire would not be carried and set more than a distance of twenty-five feet, when in good order and properly managed, and there was abundant evidence that these engines did throw a much greater distance, and that they were habitually setting fire to the right of way and adjoining premises. The eleventh instruction for appellee is objected to on account of its reference to these features of the proof. In the preceding case of the same appellant against Helmerick, we had occasion to consider a similar instruction, number five, couched in substantially the same phrase, and what we there said will dispose of this instruction and of the point involved therein.

It is urged that the ninth instruction for appellees is errone-

ous because it required the engines to be of an approved pattern or style or make. This is a strained construction and does not fairly arise from the language used. The mode or style referred to is with regard to the spark arrester—nothing else.

The point is made that the court erred in admitting evidence offered by plaintiff; first, in allowing the witness, Olson, to testify to the contents of certain reports that he made to his superiors as to the origin of the fires. Olson was the section fireman, and after testifying that he reported the fires as they occurred, the reports being in writing, he was permitted to say that he reported one or more of the fires as set by the engines of the company. He was not giving the language used nor was the contents of his report at all important to know. It was immaterial what he reported, and as there can be no doubt that the fire did originate from the engines, it is wholly unimportant to consider whether, in a technical sense, it was error to allow this general statement of what he so reported; second, it is objected that the witness Bonner was allowed to state that he put in two weeks watching the fires. His testimony in this respect was a part of his statement as to the history of the numerous fires occasioned by the engines of appellant during that season, and was competent. I. C. R. R. Co. v. McClelland, 42 Ill. 355; G. T. Ry. Co. v. Richardson, 91 U. S. 454; third, it is objected that the witness Cramer was permitted to testify that the right of way was foul with dry grass and weeds for two or three years before appellant acquired the road. This point has been disposed of; fourth, that sundry witnesses were permitted to testify that at various times the engines of appellant had emitted sparks and cinders of different sizes along the line for a distance of seven or eight miles. This was competent, as was the testimony of Bonner, though not confined to the engines which probably set the fires in question. The appellant denied liability on all grounds and especially rested its defense upon the proposition that it had done its duty in providing sufficient spark arresters which were in use on all its engines. To meet this it was competent to show the frequent escape of fire, from which it might be

inferred that there was a general want of safety, and that, if
in good order and skillfully managed, as was claimed, there was
some radical defect in the contrivance; fifth, that it was error
to permit the evidence of Ostrander, because he was not an
expert as to the subject of his testimony. He seemed to be
quite familiar with the matter and his statement was compe-
tent, it being for the jury to give it such weight as it was
entitled to.

As to evidence offered by appellant, it is objected that
Haggerty should have been permitted to state the condition
of his spark arrester August 1st. He had stated quite fully
in this respect and it was within the discretion of the court to
allow or deny a repetition. There was no substantial error as
to this. As to the witness Pratt, whose meadow had once
been burned off and who stated that he saw no loss in the
crop, it is insisted the court erred in not permitting him, upon
this experience, to express an opinion as to whether in such
cases generally there would be any appreciable injury to the
crop. It was held that as the conditions would vary in differ-
ent cases, such a single experience would not qualify him to
pass an opinion unless it appeared the conditions were the
same in this instance as in his case. It is manifest such an
opinion could be of but small value, and that there was no
such familiarity with the subject from experience as to qualify
the witness as an expert. There was positive proof as to the
comparative condition of the parts burned over and those un-
touched by the fire, and even if it was competent to take the
opinions of experienced men as to whether the fire made the
difference, we think there was no material error in rejecting
the opinion of this witness whose experience was limited to
one occasion, the conditions of which did not appear to be like
those of the case in hand.

The court also rejected the evidence of three witnesses
offered to show that the engines of the Illinois Central, which
were equipped with a different spark arrester, threw more
sparks than did appellant's engines. Appellant had in its evi-
dence in chief set up a comparison of its spark arrester with
that in use on the Illinois Central and had offered such proof

as it had as to the comparative merits of the two.    This evidence might have been then admitted, and though of but small value unless accompanied by proof as to the conditions of speed, grade, burden, together with the state of repair and the care in management, yet it is to be presumed it would not have been rejected if then offered.    We can not say that the court in its discretion was required to admit it after defendant had once rested, and it was not, under the circumstances, error of a substantial sort to exclude it.

The whole record considered, we are of opinion that the judgment is according to the merits and that there is no sufficient ground of reversal in the points presented by the argument of the appellant.

The judgment will therefore be affirmed.

*Judgment affirmed.*