FAIRBANK CANNING COMPANY

v.

MAURICE WEILL AND DAVID BLUM.

*Sales—Failure to Deliver in Excess of Certain Amount—Damages—Evidence.*

In an action involving the sale of a lot of solder, the contention being as to the quantity sold, this court holds, in view of the improper admission of certain testimony on behalf of the plaintiffs, that the verdict in their favor can not stand.

[Opinion filed February 12, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. DUPEE, JUDAH & WILLARD, for appellant.

Messrs. KRAUS, MAYER & STEIN, for appellees.

GARNETT, J. This appeal turns upon the question whether the trial court erred in admitting incompetent evidence. The suit was in assumpsit by appellees to recover damages for the failure to deliver to them certain solder which they claimed appellant had sold them. Appellant was the owner of a factory for canned goods at the Union Stock Yards in Cook county, and had a quantity of solder in one of the rooms of the factory building. The witnesses vary in their statements as to the amount of the solder there, but it appears to have been from 14,000 to 20,000 pounds. It was admitted that about September 1, 1887, an oral contract was made by appellant, through one Vogel, appellant's vice-president, with Blum, to sell to him, or to appellees, some solder. Appellant insists that the quantity agreed on was 10,000 pounds, and that amount was actually delivered to appellees in four different loads. Appellees insist, however, that they bought from Vogel all there was at that time in the room referred to, and that the amount was about 20,000 pounds altogether. Plaintiffs' claim for damages is for the refusal to deliver more than the 10,000 pounds admitted to have been sold. The verdict and judgment was for appellees.

On the trial, when Blum was testifying on behalf of appellees, he was permitted, over appellant's objection, to state what one Newgass said to him when he was loading his wagon with the third load of solder that was delivered. The witness testified that when he was leading his wagon at that time, a man whose name he did not know, but who was a hunchback, told him that was all he was going to get; that witness told him he had bought all that was in that room; that the hunchback

told him to go and see Mr. Newgass; that they then went to see Newgass, who said Mr. Vogel had sold to witness all the solder in that room, and that witness then turned to the hunchback and said, "You see I am right." There was no evidence tending to prove any authority from appellant to the person described as the hunchback, or to Newgass, to transact any of the business in relation to the solder. The conversation testified to by Blum was not in the presence or hearing of Vogel or any one having authority to represent the appellant. It is apparent that the evidence should have been excluded on appellants' motion. Its admission was error which can not be overlooked, as the evidence is not so clear and satisfactory in plaintiff's favor, that we should be warranted in saying that it had no material effect in influencing the finding in their favor.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*