# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1893.

## Willis Gillingham v. Dominik M. Christen.

55    17
92   ²580

1. EVIDENCE—*Proof Rebutting Inferences from Evidence Admitted Competent.*—In an action to recover damages sustained by the burning of wheat in the stack to which fire was communicated, as alleged, from a steam engine, it being shown that the engine was not provided with a screen to prevent the escape of sparks, *it was held* that proof that it was not dangerous to run the engine without a screen was competent, as tending to rebut the inference necessarily arising from proof that there was no screen.

2. SAME—*Declarations of Agents.*—The declaration of an agent while he is doing an act in the course of his agency, may be shown as a part of the *res gestœ* as tending to characterize the act itself, but what he may say afterward, even as to the fact, is not admissible, much less his declaration amounting to a mere opinion as to whether his principal is liable.

3. INSTRUCTIONS—*Improper to Assume Facts.*—In giving instructions, it is improper to assume facts as proved. What is proved is a question of fact for the jury.

4. SAME—*Must be Predicated upon the Evidence.*—Where the court refuses to admit evidence, it is error to give an instruction based upon it.

5. CONTRIBUTORY NEGLIGENCE—*The General Rule.*—One who is injured by the mere negligence of another can not recover, if by his own negligence he approximately contributed to produce the injury of which he complains, so that but for his co-operating fault the injury would not have occurred, except where the more proximate cause is the omission by the other party after becoming aware of the danger to which the former is exposed, to use a proper degree of care to avoid injuring him.

**Memorandum.**—Action for damages resulting from fire. In the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Declaration in case filed February 10, 1892. Plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1893. Reversed and remanded. Opinion filed April 28, 1894.

F. A. WHITESIDE, attorney for appellant.

JAMES R. WARD, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment against the appellant in the sum of $300 for damages sustained by the burning of certain stacks of wheat to which fire was communicated, as alleged, from a steam engine operated by appellant to propel a threshing machine with which he was threshing the wheat of the appellee.

It was charged that the fire escaped from the engine because of the negligent management of the appellant—the specific matter upon which appellee seemed to rely being that too much wood was used in starting and maintaining the fire, the engine being a coal-burner, and also the want of a screen to prevent the escape of sparks.

The court admitted proof that there was no spark arrester or screen upon the engine, and also allowed witnesses to testify at the instance of the appellee that it was dangerous to run such an engine without such screen. The appellant offered to prove that it was not dangerous, and the appellee having objected, the court then excluded all the evidence offered by appellee tending to show that the running of the engine without a screen was dangerous, and refused to permit the appellant to prove it was not dangerous to do so. The proof that the engine was without a screen was not excluded, and although the testimony that it was dangerous to run it in that condition was excluded, still we think the appellant had the clear right to prove, if he could, that it was not dangerous to run the engine without a screen. Such proof would tend to rebut the inference necessarily arising from proof that there was no screen.

Gillingham v. Christen.

In the instructions given for the appellee it was prominent as a theory upon which recovery might rest that the engine had been negligently run without proper or necessary screens to prevent the escape of sparks. In allowing proof that there were no screens and then refusing proof that screens were unnecessary, and in giving such instructions, the court assumed in effect that the absence of screens was conclusive proof of negligence. At least a jury would probably so interpret the action of the court.

Perhaps it may be said that according to common observation and experience it is well established that a screen is necessary. However this may be as to locomotive engines used to propel railroad trains, we can not admit that it is necessarily so with regard to stationary or portable engines used to propel grain separators or other like machinery. Surely it is a question of fact upon which a party charged with negligence would have the right to offer proof.

We think the court erred also in admitting proof of the declaration of the agent of appellant that the latter was liable, and would pay for the damage occasioned by the fire. The declaration of an agent made while he is doing an act in the course of his agency may be shown as a part of the *res gestæ*, as tending to characterize the act itself, but what he may say afterward, even as to the fact, is not admissible, much less his declaration amounting to a mere opinion as to whether his principal is liable, or whether he will pay for the damage in question. 1 Greenleaf on Ev., Secs. 113 and 114.

We are of opinion the court erred in giving the fourth instruction for appellee. The instruction assumed that it was negligence to use wood in a coal burner. It was improper to so assume. It was a question of fact for the jury, as was directly held in C. & A. R. R. Co. v. Pennell, 94 Ill. 448. The same principle has been frequently announced by the Supreme Court in other cases.

The fifth instruction was faulty for the same reason, and also for assuming that the absence of a screen or spark arrester was *per se* proof of negligence.

By the eighth instruction the court advised the jury that unless the appellee had expressly contracted to do so, he would not be bound to clean up his stack yard and remove the straw and dry grass and other combustible material, in order to prevent fire from spreading to the stacks, and that if there was such combustible matter lying about the premises, this would not excuse or exonerate the appellant if, by his negligence, fire escaped from his engine and falling upon such material it spread to the stacks. The court had refused proof tending to show that such was the condition of the premises.

When the appellee engaged the appellant to thresh his wheat, using steam as a power for moving the machinery, there was an implied obligation on the part of each to use due and reasonable care, commensurate with the situation, to prevent loss or damage to the other. Such obligation on the part of the appellee would require him to have his premises in reasonably fit and safe condition for the introduction and use of the means by which appellant was to perform his undertaking, and if he failed to do so he would be guilty of negligence which, if contributing to the result, might bar him of recovery, provided such negligence amounted to a want of ordinary care. This was the doctrine early settled in this State in reference to the duty of the land owner to keep his premises adjoining the right of way of a railroad free from rubbish and dry grass, and so remained until expressly changed by a statute relieving the land owner from the duty of taking any special care of his premises by reason of the proximity of the railroad. G. W. R. R. Co. v. Haworth, 39 Ill. 348; O. & M. R. R. Co. v. Shanefelt, 47 Ill. 497; C. & N. W. R. R. Co. v. Simonson, 54 Ill. 504; C. & A. R. R. Co. v. Pennell, *supra.*

The general rule on the subject of contributory negligence is, that one who is injured by the mere negligence of another, can not recover compensation therefor if, by his own negligence, he proximately contributed to produce the injury of which he complains, so that but for his concurring and cooperating fault the injury would not have occurred, except.

where the more proximate cause of the injury is the omission by the other party after becoming aware of the danger to which the former party is exposed to use a proper degree of care to avoid injuring him.    Shearman & Redfield on Negligence, Sec. 25.

If then, in this case, the parties owed to each other reciprocal duties of care, the one to have his engine in reasonably safe condition and to operate it carefully, and the other to have his premises in reasonably safe and fit condition for the reception and use of the engine, it follows that the doctrine of contributory negligence is applicable and that the question thus arising should have been submitted to the jury for their consideration.

Counsel for appellant urges that the proof fails to show that fire came from the engine, but tends to show that it might, and probably did, come from tobacco pipes which were being smoked by the appellee and others about the stack yard.    This is a question of fact which we need not discuss, as the case must be again tried and as the jury should be free to examine it in the light of the evidence to be then presented.

The judgment will be reversed and the cause remanded.