## McCULLOUGH v. OREGON SHORT LINE RAILROAD COMPANY.

### No. 2589.   Decided April 11, 1914 (140 Pac. 767).

1. RAILROADS—FIRES—DUTY AS TO EQUIPPING LOCOMOTIVES—IN-
STRUCTIONS. An instruction, in an action for fire set by a
locomotive, that it is incumbent on the company to avail itself
of the best mechanical contrivances and inventions in known
practical use, to prevent escape of sparks, and that, if it fail
to do so, it is liable for the injury, is erroneous as making
the company an insurer, whereas its duty is only to use all
reasonable care and diligence to procure and equip its locomo-
tives with the most approved or effective modern practical
appliances in general use for preventing the escaping of sparks.
(Page 339.)

2. EVIDENCE—HEARSAY—RES GESTAE—CONVERSATIONS. A conver-
sation concerning the fire, which one heard after arriving at
the place thereof, some time after it started, cannot be testified
to, in an action for the setting of it by a locomotive, being
hearsay and not part of the *res gestae.* (Page 340.)

APPEAL from District Court, second District; *Hon. N. J. Harris,* Judge.

Action by Henry McCullough against the Oregon Short Line Railroad Company.

Judgment for plaintiff.   Defendant appeals.

REVERSED AND REMANDED FOR NEW TRIAL.

*P. L. Williams, George H. Smith, J. V. Lyle* and *Paul Williams,* for appellant.

*George J. Marsh* for respondent.

### APPELLANT'S POINTS.

There has been a conflict, as to whether the declarations of a bystander are admissible as part of the *res gestae.* Coun-sel for the defendant deem it a settled proposition in this

44 Utah 22

state that such declarations are admissible, whether declarant be a mere bystander or not. (*Cromeenes v. S. P. L. A. & S. L. R. R. Co.,* 37 Utah 475.)

The measure of damage for the destruction of a building in such a case as this was laid down in an early Utah Case, namely *Wolf Marks, et al. v. William H. Culmer, et al.,* 6 Utah 419, where in the opinion of the court it is said: "The charge relative to the actual damage for the destruction of the house was also misleading, so far as actual damages were concerned; the property being of such a nature that it could be readily reproduced. Its value to the plaintiffs would be what it would cost to reproduce it, and the value of its use while that was being done." Citing authorities.

The idea of placing a railroad company under the absolute duty of equipping its locomotives with the best known mechanical device or the most improved spark arresters, etc., in known practical use, or in general use, is flatly repudiated, and that the proper rule in such cases is simply to put such companies under the duty of using ordinary care to equip their locomotives with the best or most approved spark arresters in known use. In other words, room is given for the honest exercise of judgment on the part of the railroad companies, and they are not bound at their peril to choose what may or may not be the best mechanical devices in known practical use. (*Lesser Cotton Company v. St. L. R. R. Co.,* 144 Fed. 133; *Texas Central R. R. Co. v. Qualls,* 124 S. W. 140; *Texas R. R. Co. v. Woldridge & Hamby,* 126 S. W. 603; *Anderson v. Oregon R. R. Co.,* 77 Pac. 119; *Bradley v. C. B. & Q. R. R. Co.,* 132 N. W. 725.)

STRAUP, J.

This action is brought to recover damages for the destruction of plaintiff's barn by fire alleged to have been caused by defendant's negligence in permitting sparks of fire to escape from its locomotive operated by it on its track near by. The plaintiff had judgment. The defendant appeals.

The chief complaint made is this: The court charged the jury:

"You are further instructed that it is incumbent upon the railroad company to avail itself of the best mechanical contrivances and inventions in known practical use which are effectual in preventing the burning of private property by the escaping sparks and coal from its engines. If you find that the defendant company has failed to do so, it is liable for injury to the plaintiff caused by the failure of said defendant to use them."

That, the defendant urges, gave the jury a wrong test or measure of duty. We think the complaint is well founded. In defense of the charge the plaintiff cites 2 Rorer on Railroads, pp. 791-795, and cases there cited; 2 Thompson's Com's. Neg. (2d Ed.) sections 2231, 2232; *Watts v. N. C. Rd. Co.,* 23 Nev. 154, 44 Pac. 423, 46 Pac. 52, 726, 62 Am. St. Rep. 772; *Matzgar v. C., M. & St. P. Ry. Co.,* 76 Iowa, 387, 41 N. W. 49, 14 Am. St. Rep. 224; *C. & A. R. Rd. Co. v. Pennell,* 94 Ill. 448. We think the cited authorities and cases do not support the charge. They do not, as does the charge, lay down an absolute duty to furnish "the best mechanical contrivances and inventions in known practical use," but the duty to use reasonable and ordinary care to equip locomotives with the most approved known practical appliances in general use. Even the deduction which counsel for the respondent themselves make from the cited cases does not support the charge. They say: "We submit that the true rule in this respect is that the railroad companies are charged by law with the use of reasonable care and diligence in the construction of its locomotives, with the operation of its road, with the employment of agents, with caring for its right of way, etc., and, as an incident to the use of reasonable care in the operation of its road, it is charged by law with the duty to provide and equip its engines in which fire is impounded with the best and most approved mechanical appliances in known practical use for the prevention of the escape of unnecessary fire from its engines." They thus recognize that the duty imposed is to use reasonble care and diligence to equip locomotives "with the best and most approved mechanical appliances," etc. But that is not

what the charge declares. It states "that it is incumbent upon the railroad company to avail itself of the best mechanical contrivances and inventions in known practical use," and that, if it "fail to do so, it is liable for the injury" caused by such failure. Such a charge in effect makes the defendant an insurer and liable without averment or proof of negligence, which is not the law. The law generally on the subject is that a railroad company is required to use all reasonable care and dilgence to procure and equip its locomotives with the most approved or effective modern practical appliance in general use for preventing the escape of sparks of fire. 33 Cyc. 1332; 3 Elliott on Railroads (2d Ed.) section 1224; 2 Thomp. Com. Neg. (2d Ed.) section 2232.

Another assignment relates to this: A witness called by the defendant testified that he lived near by the fire. When his attention was called to it, he was in bed. He arose, dressed, and went to the first. When he got there, "the main part (the barn) was all on fire, and the fire was well over the lean." He further testified that there was no perceptible breeze, and that "the flames would go almost straight up and gradually float off to the north;" and that when he arrived he saw present the plaintiff and three others. Then he was asked by defendant's counsel: "Q. State whether or not you heard any conversation concerning the fire at the time you went over there and saw Mr. Swenson, Mr. McCullough, and Mr. Rosevear and the man from the car? A. Yes, sir. Q. State what it was?" This was objected to as being incompetent, irrelevant and hearsay. The objection was sustained. The defendant contends it was entitled to the answer under the *res gestae* rule. We think not. We do not see anything made to appear to bring "the conversation" referred to within the rule, either as to what main and pertinent thing it tended to characterize or explain or as to its spontaneity.

Because of the error in the charge the judgment is reversed, and the case remanded for a new trial. Costs to the appellant.

McCARTY, C. J., and FRICK, J., concur.