DELPHINA SHOLES ET AL., APPELLANTS, V. CITY OF OMAHA, APPELLEE.

FILED MARCH 21, 1907. No. 14,721.

1. **Taxation: INJUNCTION: PARTIES.** After the purchase of mortgaged premises at foreclosure sale by the mortgagee, the mortgagor cannot maintain an action to restrain the collection of illegal taxes levied after the execution of the mortgage, unless bound by a special covenant therein to pay such future assessments.

2. **Petition** examined, and *held* obnoxious to a general demurrer.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Frank Heller* and *John D. Ware,* for appellants.

*J. P. Breen, W. H. Herdman, Harry E. Burnam* and *I. J. Dunn, contra.*

OLDHAM, C.

Plaintiffs below filed their amended petition in the district court for Douglas county, praying for the can-

celation of certain special assessments of grading and curbing taxes levied against certain lots in the city of Omaha therein described. The defendant city demurred to the petition. The demurrer was sustained, the petition dismissed, and plaintiffs appeal.

The material allegations of the petition are that on and prior to October 2, 1893, plaintiffs were owners of the lots in controversy; that on said day, for the purpose of securing certain promissory notes set out in the petition, they executed and delivered a mortgage on the said premises to one Henry F. Cady; that the mortgage contained, among others, the following covenants and conditions: "We covenant * * * that we are lawfully seized of said premises; that they are free from incumbrances; and we do hereby covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever. * * * Now if the said Delphina Sholes and DeVere Sholes shall well and truly pay, or cause to be paid, the said sums of money in said notes mentioned, with interest thereon according to the tenor and effect of said notes, then these presents to be null and void; but if the said sums of money, or any part thereof, or any interest thereon, are not paid when the same is due, then, in that case, the whole of said sums and interest shall become due by the terms of this indenture, or if the taxes and assessments of every nature which are or may be assessed or levied against said premises are not paid when the same are by law made due and payable, then, in like manner, the whole of said sums shall immediately become due and payable." The petition then alleges that in January, 1894, the special assessments for grading and curbing purposes complained of were levied against the property in dispute, and that in 1897 the legal holder of the notes and mortgage began an action of foreclosure in the district court for Douglas county, which action proceeded to judgment and sale of the mortgaged premises; that plaintiffs were made parties to this action, and

appeared therein, but did not answer; that on the appraisement of the property at the judicial sale certain incumbrances, among them the special assessments alleged against, were deducted from the appraised value of the property as incumbrances prior to the mortgage; that the plaintiff in the foreclosure proceeding was the purchaser at the sale; that the proceeds of the sale, when applied to the indebtedness and costs, left a deficiency due from plaintiffs of about $5,000, which remains wholly unpaid. There is no allegation in the petition that any deficiency judgment was either prayed for in the petition or entered against them in the foreclosure proceedings. The petition then sets out the grounds of the alleged invalidity of the special assessment, and that it has not yet been paid, and prays for the cancelation of the special tax, and for general equitable relief.

The brief of the appellants is exceedingly brief, and merely alleges that the only question to be determined in the case is whether appellants can maintain this cause of action, and that the appellants brought the action relying on the holdings of the supreme court of Wisconsin in *Pier v. Fond du Lac County,* 53 Wis. 421, and *Spear v. Door County,* 65 Wis. 298. We are asked to examine these cases and determine the appellants' rights from the light they shed on the controversy. In compliance with this request we have examined the cases relied upon, and find that in *Pier v. Fond du Lac County, supra,* the supreme court of Wisconsin, in an able and forceful opinion by Cassoday, J., determined that the grantor of a deed of warranty, who warrants against incumbrances, may, without joining the grantee, maintain an action to restrain the collection of illegal taxes for which he would be liable on his covenant of warranty. The opinion holds that a grantee, while a proper party, is not a necessary party, and especially so when the lands against which the tax is levied have been conveyed to numerous grantees. This case only goes to the right of the war-

rantor to maintain the action against incumbrances existing at the time of the warranty, and has no reference to future taxes or subsequent incumbrances. It is also confined to a case in which the grantee in the deed, as well as the grantor, had a right to maintain the action. In the case at bar, by the allegations of the petition, it is made to appear that the mortgagee and purchaser at the sale had estopped himself from denying the legality of the special assessment, by having it deducted from the appraised value of the real estate as a prior legal incumbrance, so that he could not have maintained this action in his own behalf. In *Spear v. Door County, supra,* the facts underlying the controversy, as stated in the opinion by Taylor, J., were that the plaintiff in the action was, in the year 1875, the owner of certain lands on which the illegal tax, which he sought to restrain, had been levied; that prior to the attempted levy of the tax he had executed a mortgage upon a portion of these lands; that he covenanted in said mortgage to pay all taxes subsequently levied on the said mortgaged premises; that after the attempted levy of the illegal tax he conveyed other portions of the property by deeds of warranty to different parties, in which deeds he had covenanted against all existing incumbrances; that shortly after the taxes were first levied the plaintiff brought an action to restrain their collection, which action never came to trial, but was dismissed in the year 1882; that after the dismissal of this injunction suit the taxes were again entered on the tax rolls as delinquent for the year 1875, and sold at the tax sale in the year 1883. The action was begun within nine months after this tax sale, and it was alleged that the mortgaged lands had been sold under the mortgage in 1880, and had been purchased at the foreclosure sale by Anson, Seth, and Thomas Piper, strangers to the mortgage. It was also admitted on the trial "that said Pipers purchased such mortgage and said premises by the procurement of said respondent, and that one consideration for said purchase, and of the price paid

by said Pipers was a verbal understanding between them and the respondent, and his promise to them that he would protect said premises from all prior taxes." In sustaining plaintiff's right to maintain the action, it was said in the opinion: "It is true, some of the lands in the case at bar were not conveyed by warranty deed, but those which were not were mortgaged, and the title of the plaintiff was sold upon a foreclosure of such .mortgage to the present owners. * * * At the date of the plaintiff's mortgage, had he conveyed the lands by warranty deed, he would not have been liable for the payment of the taxes for the current year, unless upon special agreement. We think, therefore, the covenant in the mortgage to pay the taxes subsequently levied on the lands mortgaged, covered the taxes thereafter charged against them upon the tax rolls of 1875."

Now, the only covenant in the mortgage in the case at bar is against incumbrances existing at the time of the execution of the mortgage, and, on the authority of the case just cited, there would be no liability for subsequent taxes, unless created by special covenant. The only thing in the mortgage with reference to future taxes is the provision that, "if the taxes and assessments of every nature which are or may be assessed or levied against said premises are not paid when the same are by law made due and payable, then, in like manner, the whole of said sums shall immediately become due and payable." This provision, to our minds, falls far short of a special covenant to pay future taxes, on which an action could be maintained against the mortgagor by the mortgagee or his privies. The failure to pay the taxes under this condition of the mortgage simply gives the mortgagee the right to declare the whole indebtedness due, and to proceed with a suit of foreclosure. Now, if, as before pointed out, the mortgagee, who was the purchaser at the foreclosure sale, could not maintain this action against the defendant, because estopped by his conduct at the judicial sale, plaintiffs cannot maintain

it, unless liable to the mortgagee and purchaser on a special covenant to pay future taxes.

Finding no such special covenant in the mortgage relied upon, we conclude that neither of the cases cited support plaintiff's contention, and we therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.