NATHAN RAY FORSHA, APPELLEE, V. NEBRASKA MOLINE PLOW COMPANY, APPELLANT.

FILED SEPTEMBER 25, 1911. No. 16,411.

1. **Master and Servant:** EXISTENCE OF RELATION. "A person who is in the general employment of one person may be temporarily in the service of another with respect to a particular transaction or piece of work so that the relation of master and servant arises between them, even though the general employer may have an interest in the special work." *Westover v. Hoover*, 88 Neb. 201.

2. **Appeal:** JOINT TORT-FEASORS: INCONSISTENT VERDICT. Where two persons are sued jointly for damages caused by the alleged negligence of a third person, and the evidence shows that such third person was the general agent of one of the defendants, and at the time his negligent acts occurred was acting for and in the special business of the other defendant, a verdict against his general employer, which at the same time exonerates the defendant in whose service he was specifically or specially engaged, is so inconsistent as to require a reversal of the judgment rendered thereon.

3. **Trial:** REFUSAL OF INSTRUCTIONS. It is reversible error to refuse to give a requested instruction which is applicable to the evidence where the proposition contained therein has not been covered by any other instruction given by the court.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. *Reversed.*

*Rich, O'Neill & Gilbert,* for appellant.

*Stubbs & Stubbs, H. N. Marshall* and *H. H. Mauck,* contra.

BARNES, J.

Action by Nathan Ray Forsha, a minor, by his next friend, to recover damages for personal injury sustained by reason of the alleged negligence of the defendants. A trial in the district court for Nuckolls county resulted in a verdict against the Nebraska Moline Plow Company and in favor of Murdock & Son. From a judgment on the verdict the plow company has appealed.

It appears that the plow company is a Nebraska corporation having its principal place of business in the city of Omaha, and is a manufacturer and jobber of agricultural implements; that Murdock & Son were engaged in the hardware and implement business at Hardy, in Nuckolls county, prior to and during the year of 1906; that in August of that year the defendants Murdock & Son ordered and purchased of the defendant plow company a National Manure Spreader for the purpose of resale to their trade; the plow company being the exclusive agents or jobbers handling that machine in the territory which included the state of Nebraska. The spreader was shipped to and received by Murdock & Son, and shortly before the 13th day of October, 1906, they requested the plow company to send them an expert to exhibit and demonstrate the machine. The reason for choosing that date was a public sale of horses to be held at that time and place. The request was complied with, and an expert by the name of Bartlett, who was regularly employed by the plow company for that and other purposes, was sent to the Murdocks to make the desired demonstration. On the morning of October 13 Bartlett and the Murdocks erected upon the principal street of the village of Hardy, and adjacent to the Murdock hardware store, a temporary platform on which to place the spreader

so that its hind wheels, which were geared to run the mechanical parts of the machine, would turn without touching the ground. Murdock & Son furnished a gasoline engine as power, a belt was placed on one of the hind wheels of the spreader and the pulley of the engine, and a demonstration was conducted during the forenoon of that day. After the horse sale was concluded, the Murdocks requested further demonstration, and one of the Murdock boys took a position in the seat of the spreader to handle the lever which controlled the gears, Clyde Murdock took charge of the gasoline engine, while Bartlett proceeded to demonstrate the working part of the machine to those who were present out of curiosity or as prospective purchasers. The engine was started and the demonstration had proceeded a short time, when, as stated by the witnesses, there was a sudden crash, one of the slats which revolved around the drum at the rear end of the spreader broke, and part of it flew off and struck the plaintiff, who was standing on the sidewalk, causing the injuries complained of.

From the foregoing statement of facts, if Bartlett, the expert, was for the time being in the employ of Murdock & Son and under their directions, they would be responsible to an innocent third party for his negligence, and the plow company could not be held liable, unless it was also responsible for the negligence of Bartlett, which was the proximate cause of such injury. The evidence is that at the time of the demonstration Bartlett was in the employ and under the control of Murdock & Son, and this evidence does not seem to be contradicted. Therefore the plow company could not be held liable for Bartlett's negligence, unless it was interested in, and was actually promoting, the demonstration which was going on. However, it may be inferred from the evidence that the plow company was interested in the sales of spreaders, because that company could alone furnish them to the trade, and therefore would realize a profit on each spreader sold. In that case the plow company would be

indirectly interested in promoting such sales. Whether this indirect interest would be sufficient to make it liable for the negligence of Bartlett it is not necessary to determine in order to make a proper disposition of this case. It appears that the trial court, by paragraph 7 of his own instructions, charged the jury that if they found that the plow company was engaged in selling spreaders and other farm machinery, and employed Bartlett as its agent as an expert for the purpose of assisting the retail dealer in setting up, operating, advertising and demonstrating said machinery for the purpose of making sales thereof, and that he was engaged with the defendants Murdock in operating the machine by the direction of the plow company, and that company was jointly interested by reason of their relations in promoting the sale of the machine, then Bartlett was the representative of the company, and the company was chargeable with his negligence. There seems to be no evidence upon which such an instruction could be predicated.

Again, the defendant plow company requested the court to instruct the jury that, if Bartlett was at the time of the injury under the control of the Murdocks and subject to their direction, then he was the agent of the Murdocks, and plaintiff could not have a verdict against the plow company. This instruction was refused, and the court on his own motion instructed the jury, in the closing part of paragraph 7, as follows: "But, on the other hand, if he was not so acting, but was at the time of the accident entirely out of the control of the defendant Nebraska Moline Plow Company, and entirely under the control of t..e defendants Murdock, then his acts were not attributable to the defendant Nebraska Moline Plow Company, and it should not be charged with responsibility by reason of anything he may have done." As we view the evidence contained in the record, it was error to give this instruction, and to refuse the one requested.

In the cross-examination of some of the plow company's witnesses an attempt was made to show, and it

is probable that it substantially appears, that Bartlett was not only generally an employee of the plow company, but was sent to Hardy and could be recalled by that company; that is, he could be taken from the service of the Murdocks if the company desired to do so; that he was not entirely out of its control, and was not entirely under the control of the Murdocks. It was not necessary, however, that he should be entirely out of the control of the plow company in order to relieve that company from liability for his negligence. It was sufficient if he was acting, in the particular work which he was doing, under the direct control of the Murdocks. If one lends an employee to the service of another person, he is, while performing that service, under the control of, and is the agent of, that other person. But it is only in the performance of that particular service that he is controlled by the person to whom he is lent, and he cannot be said to be entirely out of the control of his employer. It therefore seems clear that the instructions complained of were generally misleading, and were not a correct statement of the law.

It is further contended by the defendant plow company that the verdict in this case is in irreconcilable conflict with itself, and amounts to a declaration that the material allegations of the petition are both true and false; that two inconsistent findings of a jury upon the same issue, if based upon conflicting evidence, nullify each other, and such findings will not support a judgment. In support of this contention counsel cite *Gerner v. Yates,* 61 Neb. 100, and *Chicago, St. P., M. & O. R. Co. v. McManigal,* 73 Neb. 580, where it was so held.

The evidence shows that Clyde Murdock at all times during the demonstration operated the gasoline engine which furnished the power for that purpose. It further shows that Carl Murdock, the brother of Clyde, and the younger son of Robert Murdock, sat in the seat of the spreader and operated the levers during the demonstration. It seems clear from the evidence that the negli-

gence which caused the accident and resulted in the injuries sustained by the plaintiff was the placing of the spreader in an insecure manner upon the temporary platform erected for that purpose, and in running the machine at too high a rate of speed. Therefore it would seem that, if any of the defendants were liable in this case, it is because of the negligence of Bartlett, the expert, who, as we have above stated, seems to have been acting more particularly as the agent and in the employ of Murdock & Son, and incidentally for the benefit of the defendant plow company. This being so, we are unable to see how Murdock & Son can be held blameless and the plow company at the same time be held liable for Bartlett's negligence. Such a finding, under the circumstances disclosed by the record before us, is so inconsistent as to entitle the plow company to a new trial.

Without further comment, and for the foregoing reasons, the judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED.

REESE, C. J., dissenting.

I cannot agree with the opinion of the majority in this case. I believe from the evidence that Bartlett was the agent of the plow company throughout the demonstration of the machinery, which was then on exhibition, and not the agent or employee of Murdock & Son. He was sent there by his employer to exhibit the spreader *in action* in order to create a demand for it, thus increasing its sales. He was not employed by the Murdocks, nor in any sense under their control. The preparation for exhibition was wholly under his control and direction, notwithstanding some, possibly the most, of the manual labor was performed by the Murdocks, and the power furnished by them. The manner of setting and adjusting the spreader, by which the accident occurred, was certainly under his direction. By his negligence in setting it up, the plaintiff, who, with all the people generally, was invited to witness the action of the machine, was

most seriously hurt. The Murdocks may have been guilty of negligence and thus become joint tort-feasors, but they were in no sense the masters of Bartlett. It is possible that their negligence contributed to the injury complained of, but of that the jury were the judges, and they have said such was not the case. The reversal of this judgment may deprive plaintiff of his right to recover and throw the whole burden of the loss and injury upon him, while at the same time he has a meritorious action against the plow company for his damages. The fact, if true, that the Murdocks were joint tort-feasors with the plow company does not, in law, release it from a judgment against itself alone. The plaintiff had his action against any one or all of the wrongdoers. *Hayden v. Woods,* 16 Neb. 306. · They are jointly and severally liable for their wrongful acts, if any such were shown. *Scott v. Flowers,* 60 Neb. 675. The erroneous discharge of one participant in a joint wrong affords no ground of complaint to his codefendant. *Cleland v. Anderson,* 66 Neb. 252. I am unable to detect any error in the instructions. I am fully persuaded that in all that occurred Bartlett was the employee of appellant and in no sense of the Murdocks. *Harding v. St. Louis Nat. Stock Yards,* 242 Ill. 444; *Driscoll v. Towle,* 181 Mass. 416.

In any view of the case, as presented by this record, the judgment of the district court should, in my opinion, be affirmed.

FAWCETT, J., concurs in this dissent.