CANADIAN NORTHERN RY. CO. v. OLSON et al.

(Circuit Court of Appeals, Eighth Circuit. December 10, 1912.)

No. 3,747.

*(Syllabus by the Court.)*

1. RAILROADS (§ 484*)—SETTING FIRES—SUFFICIENCY OF EVIDENCE.

The evidence of the setting of a fire by an engine of a defendant railroad company reviewed, and *held* to be so substantial that there was no error in the refusal to withdraw it from the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484.*]

2. RAILROADS (§ 481*)—SETTING FIRES—FIRES STARTED BY OTHER ENGINES OF DEFENDANT.

When the engine which might have set the fire is unknown or unidentified, it is competent to introduce testimony that some of the defendant's engines threw ignited sparks or set fires, or that fires started near the track, soon after they passed, at other times within a few weeks of the time the fire in question started, and at other places in the vicinity of the place of its origin.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

In Error to the District Court of the United States for the District of Minnesota; Charles F. Amidon, Judge.

Actions, tried together on the same evidence, by Elias Olson and others against the Canadian Northern Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Oscar Mitchell, of Duluth, Minn. (Hector Baxter, J. L. Washburn, and W. D. Bailey, all of Duluth, Minn., on the brief), for plaintiff in error.

Charles Loring, of Crookston, Minn. (Albert Chilgren, of Williams, Minn., on the brief), for defendants in error.

Before SANBORN and HOOK, Circuit Judges.

SANBORN, Circuit Judge. One of the statutes of the state of Minnesota charges each railroad corporation owning or operating a railroad in that state with responsibility in damages to any person whose property is injured or destroyed by fire communicated, directly or indirectly, by the locomotive engines in use upon the railroad it uses or operates. Laws of Minnesota 1909, c. 378, p. 454 (Rev. Laws Supp. 1909, § 2041). The plaintiffs below, who are the defendants in error here, brought their separate actions against the Canadian Northern Railway Company, a corporation, under this law, to recover damages which they alleged were inflicted upon their respective properties by a fire which they averred was set by one of the company's engines on September 29, 1910. The three actions were tried together by stipulation upon the same evidence, and verdicts and judgments were rendered against the company, which it challenges on two grounds: That there was no substantial evidence to sustain the finding that the fire which started on September 29, 1910, was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

set by the railroad company; and that the court erroneously admitted evidence tending to show that other fires had been set by the defendant's engines in the immediate vicinity of the origin of the fire in question during four months preceding September 29, 1910.

The record before us discloses substantial evidence tending to show these facts: The fire was first discovered on the north side of the railroad track about half way from Williams to Cedar Spur within 15 minutes after a heavy freight train had passed over this track: The track between these places was straight, the distance between them was 2½ miles and one could see along the track from one place to the other. The summer and early fall of the year 1910 were dry, and numerous fires had been, and some were, burning in the vicinity. The right of way of the railroad company on the sides of the track was incumbered with weeds, grass, brush, and wood. The wind was blowing from a southerly direction. About the time the freight train left Williams, the witness Dahl started to walk along the track from Cedar Spur to that place, and the witness Senyohn started to walk along the track from Williams to Cedar Spur. There was no wagon road between these places, and pedestrians customarily traveled between them on the railroad right of way. When Dahl and Senyohn started, they looked along the track and right of way, but saw no one between them, except those upon the freight train, and no fire or smoke on the right of way, except the smoke which the engine emitted. There was a downgrade from Williams to Cedar Spur, and it was unnecessary to work the engine, and it was not worked between these places, but some of the way it sent forth some smoke. A few minutes after the engine passed a point midway between these stations, the two witnesses, who were walking upon the track toward each other, saw smoke rising at that point on the north side of the track, and a few minutes later, when they reached the point from which the smoke arose, a brisk fire was burning there. Sparks had been seen at other times, which were thrown from freight engines of the defendant during the summer of 1910, which lived until they reached the ground, and fires had started by the side of the track a few minutes after engines of the defendant had passed. The engine which drew the freight train at the time the fire in question started was equipped with the best devices to arrest sparks. These devices were in perfect order, the engine was carefully and properly operated, and suitable fuel to prevent the emission of sparks was used to drive it. There was testimony in the case of other facts, but of none that can change the deduction that must be drawn from those which have been recited.

[1.] If the question to be determined in this case were whether or not there was any substantial evidence here of the negligence of the defendant company, the answer might well be that there was none, because, if the engine set a fire, that fact might not overcome the fact that the defendant carefully operated the most approved devices and machinery, since a part of the sparks unavoidably escape, notwithstanding such operation. Woodward v. Chicago, Milwaukee & St. Paul Ry. Co., 145 Fed. 577, 579, 75 C. C. A. 591, 593. But under

the Minnesota law a railroad company is liable for the damage caused by a fire it sets, although it is free from all negligence (Rev. Laws of Minnesota 1909, § 2041), and the only question here is whether or not there was substantial evidence that one of the engines of the defendant caused the fire. A careful review of the contents of the record in hand has failed to convince that this question should be answered in the negative. The facts that the material on the right of way was dry and inflammable, that no human being but those on the freight train passed the point where the fire originated immediately before it started, that the freight engines of the defendant sometimes emitted sparks which lived until they reached the ground, that this fire sprang up a few moments after the defendant's engine passed the place of its origin, and that no evidence of any other cause of its origin so probable as the possible sparks from this engine is to be found in the record, have convinced that the question was fairly for the jury, and that neither the court below nor this court would be justified in withdrawing it from them. It is gratifying to learn that this conclusion has been reached by the Supreme Court of Minnesota in the consideration of a similar state of facts relating to the origin of the same fire under consideration in the case in hand. Babcock v. Canadian-Northern Ry. Co., 117 Minn. 434, 136 N. W. 275, 276.

[2] Did the court below err in the admission of evidence that fires had started by the side of the railroad track in the vicinity of the place of the origin of that in question shortly after the passage of some of the defendant's engines during the four months preceding the date of the commencement of this fire? If, before this evidence was received, the defendant had admitted or proved the identity of the engine which passed from Williams to Cedar Spur at the time this fire was set, the question would have been presented whether or not, as in cases where the charge is negligence (Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co., 114 Fed. 133, 138, 52 C. C. A. 95, 100), the evidence of fires started by other engines would have been admissible. But in order to determine the correctness of the ruling of the court below, this court must place itself in the situation of that court at the time it made the ruling. While, in the subsequent progress of the case, the engine was identified, it had not been identified when the trial court admitted this evidence, and when the engine which might have set the fire is unknown or unidentified it is competent to introduce testimony that some of the defendant's engines threw ignited sparks or set fires, or that fires started near the track soon after they passed at other times within a few weeks of the time of the fire in question, and at other places in the vicinity of the place of its origin, because, where the engine charged is unknown, it may be that this unknown engine was one of those which set the fires at other times and places, and the fact that engines of the defendant set out such fires becomes in this way testimony from which the jury may reasonably infer that the fire under consideration was set by some engine of the defendant. Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co., 114 Fed. 133, 137, 52 C. C. A. 95, 99; Railroad Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356; Railroad Co. v. Gil-

bert, 52 Fed. 711, 3 C. C. A. 264; Railroad Co. v. Lewis, 2 C. C. A. 446, 51 Fed. 658, 664; Campbell v. Railroad Co., 121 Mo. 340, 351, 25 S. W. 936, 25 L. R. A. 175, 42 Am. St. Rep. 530; Piggot v. Railway Co., 3 Man. G. & S. 229; Webb v. Railroad Co., 49 N. Y. 420, 10 Am. Rep. 389; Sheldon v. Railroad Co., 14 N. Y. 218, 67 Am. Dec. 155; Cleaveland v. Railway Co., 42 Vt. 449; Railroad Co. v. McClelland, 42 Ill. 355, 358; Smith v. Railroad Co., 10 R. I. 22; Hoover v. Railway Co. (Mo.) 16 S. W. 480.

There was no error in the trial of this case, and the judgments below must be affirmed.

It is so ordered.