# DENNIS CARR v. JAMES C. DAVIS.[1]

June 13, 1924.

No. 23,837.

**Verdict sustained that plaintiff's property was burned by fire set by locomotive.**

1. The evidence sustains the verdict of the jury finding that a fire was set by a locomotive of the Northern Pacific Railway Company on its right of way, and that it passed to the plaintiff's farm and burned his property.

**Liability for loss caused by railroad fire absolute.**

2. The liability for a fire set by a railroad locomotive is absolute and not dependent upon negligence. The court therefore committed no prejudicial error in charging upon the liability of the defendant though it charged that a high degree of care in respect of the fire was owing.

**Charge to jury correct.**

3. The court sufficiently charged that the fire must be traced definitely from its origin to the plaintiff's property and that a verdict could not be based upon conjecture and speculation.

**No new trial for misconduct.**

4. There was no misconduct of counsel requiring a new trial.

**Peremptory challenge.**

5. Under G. S. 1913, § 7798, defendants must join in peremptory challenges.

Action in the district court for Aitkin county to recover $10,146. The case was tried before McClenahan, J., who when plaintiff rested and at the close of the testimony denied defendants' motions for dismissal, and at the close of the testimony denied defendants' separate motions for directed verdicts, and directed a verdict in favor of defendants James C. Davis, agent designated by the President under the Transportation Act of 1920 operating the Minne-

[1]Reported in 199 N. W. 237.

apolis, St. Paul & Sault Ste. Marie Railway Company, Pine Tree Manufacturing Company, Pine Tree Lumber Company and C. A. Maddy. The jury returned a verdict in favor of plaintiff against James C. Davis, agent designated by the President under the Transportation Act of 1920, operating the Northern Pacific Railway Company, for $6,596.40. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant Davis appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*Hugh J. McClearn,* for respondent.

DIBELL, J.

Action to recover for damage to the plaintiff's property by fire. There was a verdict for the plaintiff against James C. Davis, agent designated by the President under the Transportation Act. There were other defendants. A verdict was directed for them. The issues submitted to the jury related to a fire claimed to have been started on the right of way of the Northern Pacific Railway Company by one of its locomotive engines. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

The questions are:

(1) Whether the evidence sustains a verdict for the plaintiff.

(2) Whether the court erred in charging upon the liability for a fire originating from a locomotive engine.

(3) Whether the court charged sufficiently that the fire must be traced from its origin to the plaintiff's property and that a verdict could not be based upon conjecture or speculation.

(4) Whether there was misconduct of counsel requiring a new trial.

(5) Whether the court erred in requiring the defendants to join in peremptory challenges.

1. It is the claim of the plaintiff that on October 4, 1918, a fire was started by one of the locomotives of the Northern Pacific on its right of way at a point just west of the east line of section 24-48-23, a quarter of a mile south of the north section line, in Aitkin

county; that it reached the village of Tamarack three miles east and three-fourths of a mile north on October 9; and that from there it went southeast and reached the plaintiff's farm a mile east and two and one-fourth miles south on October 12, the day of many destructive fires in northeastern Minnesota. This is the fire submitted to the jury as the basis of a recovery.

There is evidence from which the jury could reasonably find that on the day stated a fresh or new fire, one distinct from all others, sprang up on the southerly side of the right of way at the point stated a few minutes after a freight train passed east. Two or more witnesses in a position to know so testified. There was grass in the right of way. The weather had been dry all summer. It was a fair inference of the jury that the fire was set by the passing train. Babcock v. Canadian N. Ry. Co. 117 Minn. 434, 136 N. W. 275, Ann. Cas. 1913D, 924, and cases cited; Farrell v. Minneapolis & R. R. Ry. Co. 121 Minn. 357, 141 N. W. 491, 45 L. R. A. (N. S.) 215; Canadian N. Ry. Co. v. Olson, 201 Fed. 859, 120 C. C. A. 197.

On October 9 a fire came to Tamarack from the west southerly of the railroad track. The railway employes went west of the village, a half mile or perhaps a mile, to meet and stop it. They had indifferent success. It worked southerly and easterly and burned about the creamery just west of the line between sections 15 and 16 at the southerly border of the village. It is sufficiently traced from there to the plaintiff's property; that is, the fact was for the jury.

The question whether the fire starting on the right of way in section 24 on October 4 was the fire which came to Tamarack on October 9 is more difficult. A consideration of the evidence convinces us that it was for the jury. It could have found either way. The case was tried for two months. Motions to direct a verdict for the defendants were submitted upon arguments lasting several days. They had careful consideration by the trial court. It concluded that the question was for the jury. That does not relieve us of the duty of examining the evidence. We have considered it thoroughly. A review of it would carry the opinion to an unreasonable length and it is not demanded by the circumstances. It is not all on one side. The jury could have found that the fire moved

easterly from where it was set, smouldered a part of the time, and on October 9 moved with some rapidity to Tamarack. It is not our duty, nor was it that of the trial court, to demonstrate the correctness of the verdict. It is enough if the evidence fairly sustains it. We agree that it does. We do not fail to note that there were other fires in the vicinity prior to the burning of the plaintiff's property.

2. The defendant assigns error in the charge to the effect that the defendant was required to exercise the highest degree of care in respect of fires on its right of way. On objection made the court said:

"With reference to the duty of the defendant to prevent the setting and spreading, and to accomplish the extinguishment of fires upon its right of way, that refers to fires set out by the defendants' locomotive engines. If that does not appear from what has been said already in the charge I now tell you that that limitation goes with what has been said."

Under the statute, G. S. 1913, § 4426, the liability of a railroad for locomotive fires is absolute and the question of negligence is not involved. Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 146 Minn. 430, 179 N. W. 45, and cases cited. The court told the jury that the issues were "confined to a determination of the question whether any liability has been shown because of the fire which it is claimed was set by an engine of the Northern Pacific Railway Company on section 24." The right of recovery was limited to a fire of railway origin where liability was absolute. The court elsewhere so charged. The defendant cannot complain that the duty of the defendant was referred to in terms of care, for the liability in respect of the fire to which the attention of the jury was limited was absolute.

3. In Lares v. Chicago, B. & Q. R. Co. 144 Minn. 170, 174 N. W. 834, in sustaining a verdict directed for the defendant, it was said that "where the evidence points with substantially the same force to two or more independent sources as the origin of the fire, a jury should not be permitted to speculate as to which was in fact re-

sponsible." This is the often stated doctrine of our cases. An instruction embodying the thought was requested by the defendant. It is assigned as error that it was not given. In stating that the burden of proof was upon the plaintiff, and that speculation or conjecture is not proof, the court said:

"In determining whether such burden has been sustained, you must not allow mere speculation or conjecture to control. You may draw legitimate inferences from established facts, but you cannot speculate or guess as to any material element necessary to establish liability against the defendant. And if, in considering the origin of the fire west of the town line, you find that the facts disclosed by the evidence as to such origin are just as consistent with a finding that it may have been due to an act or cause not traceable to the railroad company, as to an act or cause for which such company was responsible, then your verdict must be for the defendant; that is to say, if you believe, after considering all the evidence bearing upon the point that it is just as probable that the fire which damaged the plaintiff was not of railroad origin as that it was of such origin, the plaintiff cannot prevail."

And carrying the thought further the court said.

"You are not to consider however that the rule which forbids you to speculate or guess or conjecture in making your findings applies only to fixing the origin of the fire; it also applies to the tracing of such fire to the plaintiff's premises with consequent damages to him. It will not be sufficient that you believe there was a fire of railroad origin and that the plaintiff was damaged; the intervening link, namely: A finding that the fire of such origin reached the plaintiff's property, must be supplied by the same degree of proof as the first and last essential elements."

The insufficiency of conjecture and the necessity of actual proof was elsewhere emphasized. The charge was accurate and comprehensive and is not subject to criticism. The necessity of showing a railway origin and of definitely tracing to the plaintiff's property was clearly charged.

4. The defendant claims that counsel for the plaintiff was guilty of misconduct.

There was evidence that a fire started a few days before October 4, 1918, on the northerly side of the railway track just easterly of the station of Grayling in the southwest of the northwest of section 24, claimed to have been set by a locomotive, and that it went northeasterly. The plaintiff sought to show that this fire went to the plaintiff's property. The court held that it was extinguished and did not reach the plaintiff's farm. In going to the jury plaintiff's counsel referred to this fire and over objections by the defendant read and commented upon the testimony of witnesses relative to it. This is the basis of the claim of misconduct. The evidence, though it failed to prove liability because the fire was not traced to the plaintiff's farm, was properly received. It was not proper, however, to urge it as a basis for recovery. It was perhaps proper to comment upon it in support of the plaintiff's claim that the fire west of the town line was of railroad origin. In Canadian Northern Ry. Co. v. Olson, 201 Fed. 859, 120 C. C. A. 197, Judge [Walter H.] Sanborn, having in view the absolute liability imposed by our statute, G. S. 1913, § 4426, held under circumstances at least of not greater probative force than those here that evidence of fires starting along the right of way at other times was evidence of the railroad origin of a particular fire starting on the right of way. The cases are collected, including Grand Trunk Ry. Co. v. Richardson, 91 U. S. 454, 23 L. ed. 356, something of a leading case. And see 1 Wigmore, Ev. § 455. But counsel did not use it for this purpose. So using it he did not need trace it easterly.

The defendant made the claim that a fire in the west half of the northeast of 19, set by Kivimaki, the owner, was an important element in the destruction of the plaintiff's property. There was a dispute about this fire. The plaintiff now claims that proof that the Grayling fire went to the Kivimaki land, and there is some evidence to that effect, was in disproof of the existence of the Kivimaki fire as a cause of the plaintiff's loss. Some 20 pages of the brief are used in gathering for us the evidence bearing on the Grayling fire. It has not been particularly helpful. We take it that the

discussion did not help the jury. The Grayling fire, if material at all, was over-emphasized. It was accorded no useful application so far as we see. Counsel conceded that the plaintiff could recover only because of the fire starting in section 24. He so told the jury. The court several times during the progress of counsel's argument so stated and in its charge it limited liability in terms that could not be mistaken to a railroad fire starting in section 24. The jury by no possibility misunderstood. Even if the argument was carried too far it affords no ground for a new trial for misconduct.

5. The statute allows three peremptory challenges on each side, and "if there be more than one party on a side, they shall join in any challenge made." G. S. 1913, § 7798. It need not allow any.

The word "side," in the ordinary case, means a plaintiff side or a defendant side. The statute means what it says. Colfax Nat. Bank v. Davis, 50 Wash. 92, 96 N. W. 823, and note thereto in 16 Ann. Cas. 264; Crandall v. Puget Sound Traction L. & P. Co. 77 Wash. 37, 137 Pac. 319; Downey v. Finucane, 205 N. Y. 251, 98 N. E. 391, 40 L. R. A. (N. S.) 307; Schmidt v. Chicago & N. W. Ry. Co. 83 Ill. 405; North American R. & O. House v. McElligott, 227 Ill. 317, 81 N. E. 388. Whether there may be a case where the interests of the defendants are so antagonistic that they constitute more than one "side", we do not decide. This in no event is one. There were no cross-issues. Each was interested in escaping liability and preferred that the others suffer rather than itself; otherwise there was harmony. The question was not raised in Tuttle v. Farmer's Handy Wagon Co. 124 Minn. 204, 144 N. W. 938.

Order affirmed.